IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY STITT, | ) | No. C 11-3046 JSW (PR) |
| Plaintiff, | ) ) | **ORDER VACATING DISMISSAL AND JUDGMENT; REOPENING CASE; OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) ) | |
| G.D. LEWIS, Warden, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**INTRODUCTION**

On June 20, 2011, Plaintiff, a prisoner of the State of California, filed this pro se civil rights action under 42 U.S.C. § 1983. That day, the Clerk notified Plaintiff that he had not filed a complaint and that he had neither paid the filing fee nor filed an application to proceed in forma pauperis ("IFP"). The notices indicated that the case would be dismissed if Plaintiff did not file a complaint or either pay the fee or file a completed IFP application within thirty days. As the Court did not receive a complaint, a filing fee, or an IFP application in a timely fashion the case was dismissed on July 26, 2011. Shortly thereafter, on July 29, 2011, the Court received a complaint dated July 5, 2011 and an IFP application. Plaintiff has also submitted documentation showing good cause for the delay in filing such materials. Consequently, the dismissal order and judgment are VACATED, the case is REOPENED, and the Court reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses it with leave to amend. Plaintiff is granted leave to proceed in forma pauperis in a separate order.

**DISCUSSION**

I.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.    Legal Claims

Plaintiff alleges that he has been "wrongly" classified as an active associate of a

1    prison gang and consequently "illegally retained" in Pelican Bay State Prison's
2    segregated housing unit ("SHU").

3         There are two problems with this claim. The Court assumes at this stage of
4    liberally construing Plaintiff's pleadings that his placement in segregated housing based
5    on gang membership implicates a liberty interested protected by due process. *See*
6    *Wilkinson v. Austin*, 545 U.S. 209, 223-25 (2005); *See generally Sandin v. Conner*, 515
7    U.S. 472, 484-87 (1995). However, the fact that Plaintiff may have been placed in
8    segregated housing "wrongly" or incorrectly does not raise a due process issue. The
9    Constitution demands only that he be provided with adequate procedural safeguards in
10   conjunction with his segregation to satisfy due process, but it does not require that the
11   decision to segregate him be error-free. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th
12   Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983).

13        Due process requires: (1) an informal nonadversary hearing within a reasonable
14   time after the prisoner is segregated, (2) the prisoner be informed of the charges against
15   him or the reasons segregation is being considered, and (3) the prisoner must be allowed
16   to present his views. *See Toussaint v. McCarthy*, 801 F.2d at 1100. Due process does
17   not require detailed written notice of charges, representation by counsel or counsel-
18   substitute, an opportunity to present witnesses, a written decision describing the reasons
19   for placing the prisoner in administrative segregation or disclosure of the identity of any
20   person providing information leading to placement of a prisoner in administrative
21   segregation. *Id.* at 1100-01; *accord Wilkinson*, 545 U.S. at 228-29. In addition, "some
22   evidence" must support the decision to place an inmate in a SHU for gang affiliation.
23   <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (noting that any one of three
24   pieces of evidence -- a sheriff's department report that prisoner was a gang member, a
25   probation report that prisoner's codefendant was a gang member, and a statement from a
26   prison informant -- would constitute "some evidence"). Lastly, following placement in
27   administrative segregation, prison officials must engage in some sort of periodic review
28   of the inmate's confinement. *Toussaint*, 801 F.2d at 1101.

Plaintiff's allegation more than that the officials' decision that he is a gang associate is wrong does not on its own state a cognizable claim under Section 1983 for the violation of his right to due process. Plaintiff will be given leave to file an amended complaint to correct this deficiency by alleging, if he can do so in good faith, that he was not given one of the procedural safeguards guaranteed by due process described above.

There is a second deficiency in his complaint. He only names as defendants the Pelican Bay Warden, G.D. Lewis, and the Director of the California Department of Corrections and Rehabilitation ("CDCR"), Matthew Cate. Plaintiff cannot sue supervisory officials, such as the Defendants, under Section 1983 on the theory that they are responsible for the actions of all of the people who work at Pelican Bay. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a cognizable claim under Section 1983, Plaintiff must name as defendants only those officials whose actions or omissions caused the alleged violation of his constitutional rights, such as the classification officials who decided to segregate him. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff does not allege any personal involvement by Lewis or Cate in the decision to segregate him. In his amended complaint, plaintiff must cure this deficiency by only naming as defendants those individuals whose actions or omissions caused the violation of his constitutional rights, and alleging what those actions or omissions were.

## CONCLUSION

1. The order of dismissal and judgment are VACATED. The Clerk shall REOPEN the file and shall file the complaint received by the Court on July 29, 2011 (docket number 7).

2. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint that corrects the deficiencies described above within ***thirty (30) days from the date this order is filed***. The amendment must include the caption and civil case number used in this order (Case No. C 11-3046 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

  3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED: September 19, 2011

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY STITT,

        Plaintiff,

  v.

G. D. LEWIS, Warden et al,

        Defendant.

Case Number: CV11-03046 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 19, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Stitt
Pelican Bay State Prison
#J95688
P.O. Box 7500
Crescent City, CA 95532

Dated: September 19, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk