IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY STITT, | No. C 11-3046 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| G.D. LEWIS, Warden, | (Docket No. 15) |
| Defendant. | |

# INTRODUCTION

On June 20, 2011, Plaintiff, a prisoner of the State of California, filed this pro se civil rights action under 42 U.S.C. § 1983. He has filed an amended complaint. The Court reviews the amended complaint pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a cognizable claim for relief.

# DISCUSSION

I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II. <u>Legal Claims</u>

Plaintiff alleges that he appeared fore a hearing before PBSP's "Unit Classification Committee" ("UCC") for a determination of whether he should be retained in the Secured Housing Unit ("SHU"). At the hearing, Defendant Wilbur determined that he should stay in the SHU because he is actively involved in a gang activity. Plaintiff contends that this decision was wrong, and that it violates due process because it contravenes pertinent California regulations and a settlement agreement reached in a class action involving PBSP.

In the order dismissing the original complaint with leave to amend, the Court explained the scope of due process in the context placement in segregated housing. *See Wilkinson v. Austin*, 545 U.S. 209, 223-25 (2005); *See generally Sandin v. Conner*, 515

U.S. 472, 484-87 (1995). In particular, it was explained that the fact that Plaintiff may have been placed in segregated housing "wrongly" or incorrectly does not raise a due process issue because the Constitution demands only adequate procedural safeguards, not that the decision to segregate him be error-free. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983). Plaintiff was informed that due process requires: (1) an informal nonadversary hearing within a reasonable time after the prisoner is segregated, (2) the prisoner be informed of the charges against him or the reasons segregation is being considered, (3) the prisoner must be allowed to present his views, (4) periodic review of the inmate's confinement. *Toussaint*, 801 F.2d at 1100-01, and "some evidence" to support the officials' decision, *see Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003).

Here plaintiff does not allege that Defendants failed to meet any of the foregoing due process requirements. Rather, he contends that a settlement agreement in a prior class action required the sources of evidence relied upon to find him gang-affiliated to be counted as part of a single gang-related incident, rather than as separate incidents. Such counting is not required by due process; Plaintiff may seek to enforce the settlement agreement in the class action case, provided he is a covered member of that class, but not in a separate lawsuit brought by him individually. *See McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) (individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter). Plaintiff also contends that he was not involved "periodically or regularly" with gang members, as required by the 15 Cal. Code of Regs. § 3378(c)(4). This may be a requirement of the state regulations, but it is not a requirement of due process prior to being placed in segregated housing. As Plaintiff's allegations, even when liberally construed, do not state a due process violation, his claims must be dismissed. As Plaintiff was given a second opportunity to state a cognizable claim and failed to do so, the Court concludes that further attempts to amend would be futile and that Plaintiff cannot cure the deficiencies in his claim by amendment.

Consequently, further leave to amend will not be granted.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. Plaintiff's motion for appointment of counsel (docket number 15) is DENIED. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: October 26, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY STITT,

        Plaintiff,

  v.

// et al,

        Defendant.

Case Number: CV11-03046 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 26, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Stitt
Pelican Bay State Prison
#J95688
P.O. Box 7500
Crescent City, CA 95532

Dated: October 26, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk